BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office
STEPHANIE L. ORRICK (Cal. Bar No. 199251)
Special Assistant United States Attorney
Orange County Office
     United States Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 927012
     Telephone: (714) 338-3599
     Facsimile: (714) 338-3708
     E-mail:    stephanie.orrick@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>AUBREY CLEMONS,<br><br>              Defendant. | No. 2:23-CR-00484-PA<br><br>OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) UNDER AMENDMENT 821 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Special Assistant United States Attorney Stephanie L. Orrick, hereby files its Opposition to Defendant Aubrey Clemons's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. 53.)

//

//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 18, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


  */s/ Stephanie L. Orrick*
STEPHANIE L. ORRICK
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant AUBREY CLEMONS ("defendant") filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on the February 2024 amendment to a provision of the United States Sentencing Guidelines ("U.S.S.G."), Section 4A1.1 (Part A of Amendment 821), which reduces the number of "status points," that is, the additional criminal history points given to a defendant for having committed the instant offense while under a criminal justice sentence.

Unfortunately for defendant, the February 1, 2024, amendment was already in effect at his February 12, 2024 sentencing. Even if the amendment was not effective, it would still not apply to defendant-- he was not assessed any "status points." Because defendant is not eligible for a sentence reduction, his motion should be denied.

**II.  STATEMENT OF FACTS**

**A.   Defendant's Conviction and Sentence**

On December 19, 2023, pursuant to a plea agreement with the government, defendant pleaded guilty to a single-count indictment charging him with possession with intent to distribute fentanyl. (Dkts. 21, 23.)  As a part of his plea agreement, defendant admitted that in September 2023, defendant brought approximately 1,099 grams of M30 fentanyl pills to the Los Angeles International Airport with the intent of distributing those pills to another person. (Id.)

On February 12, 2024, this Court sentenced defendant to 115 months incarceration. (Dkt. 37.)

**B.   Defendant's Criminal History Score Calculation**

Before sentencing, the United States Probation and Pretrial Services Office ("USPO") prepared a Revised Presentence Report

("PSR") for defendant in which the USPO calculated defendant's criminal history. (Dkt. 27.) The PSR calculated defendant's total history score as 13 and his Criminal History Category as VI. (Id. ¶¶ 37 & 61.)

All of defendant's criminal history points were based on adult criminal convictions: (i) three points for a 2004 conviction for sale of illegal copies of recordings; (ii) one point for a 2015 conviction for possession of marijuana; (iii) one point for a 2016 conviction for wanton endangerment, carrying a concealed weapon, and assault; (iv) one point for a 2018 conviction for possession of marijuana; (v) one point for another 2018 conviction for possession of marijuana; (vi) three points for a 2020 conviction for receiving stolen property; (vii) one point for a 2020 conviction for speeding, operating on a suspended or revoked operator license, and failure to use child restraint device in vehicle; and (viii) two points for a 2022 conviction for intimidating a participant in the legal process. (Id. ¶¶ 41-55.)

Defendant did not receive any additional "status points" based on committing the offense of conviction while under a criminal justice sentence, including parole. (See Id.)

**C.    Amendment 821 and "Status Points"**

On November 1, 2023, more than two months before defendant's sentencing, the United States Sentencing Commission issued Amendment 821 to the Guidelines. See Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254 (May 3, 2023.) In Part A, the Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). Id. In Part B, the Commission created the "zero-point offenders" adjustment for persons

who, among other criteria, "did not receive any criminal history points." Id.

### III. ARGUMENT

#### A. Defendant Cannot Obtain Relief Under § 3582(c)(2) because Amendment 821 Was Already in Effect at Sentencing

Defendant cannot obtain a sentencing modification under 3582(c)(2) unless he "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But the only Guidelines amendment defendant cites, Amendment 821, was already in effect when he was sentenced and cannot support a request for relief under this provision. See, e.g., United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam) ("Amendment 484 became effective on November 1, 1993, more than four years before Alvarez was sentenced. Alvarez's 3582(c)(2) motion thus is not based on a sentencing range that has 'subsequently' been lowered by the Sentencing Commission.") (cleaned up); United States v. Rios Rendon, 415 F. App'x 359, 361 (3d Cir. 2011) ("[B]ecause both amendments were already in effect when Rios Rendon was sentenced, neither supports a motion under 18 U.S.C. § 3582(c)."); United States v. Tate, 399 F. App'x 814, 814 (4th Cir. 2010) ("Amendment 599 was already in effect when Tate was sentenced in 2002, so he is not entitled to § 3582 relief."); United States v. Turner, 216 F. App'x 604, 605 (8th Cir. 2007) ("After reviewing the record, it is clear that Turner is not entitled to a sentence reduction based on this amendment because it was already in effect at the time Turner was sentenced.").

Defendant's motion should be denied on this basis alone.

3

**B.   Defendant's Motion Should Be Denied Because His Guidelines Are Unaffected by the "Status Points" Amendment**

Defendant's claim also fails because, regardless of whether Amendment 821 was effective at his original sentencing, it would not have affected his Guidelines range. Defendant did not receive any "status points" under U.S.S.G. § 4A1.1. So Amendment 821 would not (and, indeed, did not) have the effect of lowering his Guidelines range.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, September 18, 2025, I served a copy of the foregoing document(s), described as follows:

OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) UNDER AMENDMENT 821

in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

■ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service address as follows:

**Aubrey Clemons**
REG 10451-506
P.O. Box 305
Jonesville, VA 24267
PRO SE

☐ by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

I declare under penalty of perjury that the foregoing is true and correct, executed on September 18, 2025, at Santa Ana, California.

                                                    /s/ Bobbi Mendoza
                                                    Bobbi Mendoza