Case 2:23-cr-00484-PA   Document 56   Filed 09/22/25   Page 1 of 2   Page ID #:615

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America
v.
Aubrey Clemons

Case No: CR 23-484 PA
USM No: 10451-506

Date of Original Judgment: 02/02/2024
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Jake Crammer
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

See Court Order dated September 22, 2025. Defendant is not eligible for sentence reduction under section 3582 because Amendment 821 was already in effect when Defendant was sentenced. (See Government's Opp'n. at p. 3.) Moreover, Defendant's Motion also fails because he was not assessed any "status points' in the calculation of his criminal history category under U.S.S.G. §4A1.1. Thus the change in the sentencing guidelines under Amendment 821 would not have resulted in a lower sentencing range even if it did apply.

Except as otherwise provided, all provisions of the judgment dated 02/02/2024 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/22/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Percy Anderson, United States District Judge
*Printed name and title*

Case 2:23-cr-00484-PA   Document 56   Filed 09/22/25   Page 2 of 2   Page ID #:616

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Aubrey Clemons
CASE NUMBER: CR 23-484 PA
DISTRICT: Central District of California

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*